Mula v Sasson (2020 NY Slip Op 01623)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Mula v Sasson

2020 NY Slip Op 01623

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-10191
(Index No. 1436/18)

[*1]Danielle M. Mula, appellant, 
vAaron D. Sasson, etc., et al., defendants, Joseph L. Rancanelli, etc., et al., respondents.

Queller, Fisher, Washor, Fuchs & Kool and The Law Office of Willian A. Gallina, LLP, Bronx, NY (Pablo A. Sosa of counsel), for appellant.
Regenbaum Arciero McMillan & Burgess, P.C., New Windsor, NY (Veronica A. McMillan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated July 24, 2018. The order, insofar as appealed from, granted the motion of the defendants Joseph L. Racanelli and Hudson Valley Diagnostic Imaging, PLLC, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Joseph L. Racanelli and Hudson Valley Diagnostic Imaging, PLLC, for summary judgment dismissing the complaint insofar as asserted against them is denied.
On April 18, 2015, the plaintiff underwent a mammogram and an ultrasound at the office of the defendant Hudson Valley Diagnostic Imaging, PLLC (hereinafter HVDI). After reviewing the results, the defendant Joseph L. Racanelli, a radiologist employed by HVDI, prepared a report recommending a biopsy. The biopsy, which was performed on November 5, 2015, indicated the presence of cancer.
On February 5, 2018, the plaintiff commenced this action against, among others, Racanelli and HVDI (hereinafter together the defendants), alleging that they were negligent in failing to diagnose breast cancer and failing to timely notify her of the biopsy recommendation. Following joinder of issue, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that it was barred by the statute of limitations. In an order dated July 24, 2018, the Supreme Court, inter alia, granted the defendants' motion, and the plaintiff appeals.
Effective January 31, 2018, the New York Legislature enacted a discovery rule for negligent failure to diagnose cancer or a malignant tumor (see L 2018, ch 1). The law applies to acts, omissions, or failures occurring on or after January 31, 2018 (see L 2018, ch 1, § 5), as well as to acts, omissions, or failures occurring on or after July 31, 2015 (see L 2018, ch 1, § 6; see also Vincent C. Alexander, 2019 Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, [*2]CPLR C214-a:6). We agree with the Supreme Court's determination that these provisions were inapplicable to the instant case, as the alleged omission occurred on April 18, 2015.
However, the 2018 enactment also includes a provision providing for the revival of certain claims, such that an action may be commenced within six months after the effective date, i.e., by July 31, 2018, when it alleges a failure to diagnose cancer or a malignant tumor, and when it became time-barred within 10 months prior to the effective date, i.e., on or after March 31, 2017 (see L 2018, ch 1, § 4; see also Francis P. Bensel et al., Personal Injury Practice in New York § 5:87 [West's NY Prac Series Dec 2018 Update]). Here, the plaintiff's claim against the defendants qualifies for revival pursuant to that provision, as it became time-barred on October 18, 2017. Since this action was commenced on February 5, 2018, prior to the July 31, 2018, deadline, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that it was barred by the statute of limitations.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court