McKinnon v North Shore-Long Is. Jewish Health Sys. Labs. (2020 NY Slip Op 05740)





McKinnon v North Shore-Long Is. Jewish Health Sys. Labs.


2020 NY Slip Op 05740


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-00089
2019-04862
 (Index No. 601250/15)

[*1]Judith McKinnon, appellant, 
v
North Shore-Long Island Jewish Health System Laboratories, respondent.


Jeffrey E. Litman, Woodbury, NY, for appellant.
Gordon & Silber, P.C., New York, NY (Michael A. Bayron and Andrew B. Kaufman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered November 13, 2018, and (2) a judgment of the same court entered November 28, 2018. The order granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a]; Matter of Aho, 39 NY2d at 248).
The plaintiff alleges that in August 2011, her gynecologist performed an endometrial polyp biopsy, and the samples collected were sent to the defendant, North Shore-Long Island Jewish Health System Laboratories, for analysis. While a report dated August 29, 2011, indicated that the tests performed on the samples revealed no abnormalities, in January 2014, the plaintiff was informed that there was a mistake in the interpretation of the results from those tests, which actually revealed that the plaintiff had endometrial cancer.
The plaintiff commenced this action in March 2015. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. In an order entered November 13, 2018, the Supreme Court granted the motion. On November 28, 2018, a judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
Effective January 31, 2018, CPLR 214-a was amended to create a discovery rule for the negligent failure to diagnose cancer or a malignant tumor (see L 2018, ch 1). The law applies to acts, omissions, or failures occurring on or after January 31, 2018 (see L 2018, ch 1, § 5), as well as to causes of action that accrued after July 31, 2015, two and one-half years prior to the act's effective date (see L 2018, ch 1, § 6). In addition, under a revival provision created by the new law, claims alleging negligent failure to diagnose cancer or a malignant tumor that became time-barred after March 31, 2017, ten months prior to the act's effective date, could be commenced by July 31, 2018 (see L 2018, ch 1, § 4).
Here, we agree with the Supreme Court's determination granting the defendant's motion to dismiss the complaint as time-barred. The plaintiff's cause of action accrued, and the statute of limitations began to run, on August 29, 2011, the date of the plaintiff's misdiagnosis, which was more than two and one-half years prior to the act's effective date (see Mula v Sasson, 181 AD3d 686; Forbes v Caris Life Sciences, Inc., 159 AD3d 1569, 1571, lv denied 162 AD3d 1604, lv denied 32 NY3d 905). Moreover, the plaintiff's claim became time-barred on March 1, 2014, and thus, the plaintiff cannot rely on the recently-enacted revival provision (see L 2018, ch 1, § 4). Finally, the plaintiff's argument that the continuous treatment doctrine applies was not made before the Supreme Court, and is improperly raised for the first time on appeal.
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court