Ford v Lee (2022 NY Slip Op 01414)





Ford v Lee


2022 NY Slip Op 01414


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Renwick, J.P., Webber, Oing, Scarpulla, Pitt, JJ. 


Index No. 23053/20E Appeal No. 15070 Case No. 2021-01053 

[*1]Geraldine Ford, Plaintiff-Respondent,
v
Karen M. Lee, M.D, Defendant-Appellant, Mount Sinai Hospital, Defendant.


Kaufman Borgeest & Ryan, Valhalla (David Bloom of counsel), for appellant.
Wolf & Fuhrman, LLP, Bronx (Carole R. Moskowitz of counsel), for respondent.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered March 25, 2021, which denied defendant Karen M. Lee, M.D.'s motion to dismiss the complaint as against her as time-barred and for failure to state a cause of action, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff's complaint alleges that on May 16, 2014, defendant radiologist reviewed a CT scan of plaintiff's abdomen and pelvis, which revealed nodular densities in the right lower lobe of the lung; defendant recommended a dedicated CT scan of the chest to further evaluate the right lower lobe lung nodular densities, but no CT scan was obtained at Mount Sinai Hospital. The complaint further alleges that plaintiff was never informed of the findings of nodular densities, the need for a chest CT scan, or the likelihood that she had lung cancer. Plaintiff alleges that she discovered the nodular densities on October 7, 2019, when she underwent another CT scan at another hospital. Plaintiff commenced this action on March 3, 2020, alleging causes of action for medical malpractice and lack of informed consent. Defendant moved to dismiss these causes of action as time-barred. Plaintiff argued, and the motion court agreed that, under the January 31, 2018 amendment to CPLR 214-a (Lavern's Law), her causes of action were not time-barred.
Prior to January 31, 2018, CPLR 214-a, which applies to medical malpractice and lack of informed consent causes of action, including the negligent failure to diagnose cancer or a malignant tumor as alleged here, provided for a two year and six months statute of limitations. Plaintiff's malpractice causes of action accrued on May 16, 2014, the date of her alleged misdiagnosis (see Chestnut v Bobb-McKoy, 94 AD3d 659, 660 [1st Dept 2012], quoting Plummer ex rel. Heron v New York City Health & Hosps. Corp., 98 NY2d 263, 267 [2002] ["Generally, a medical malpractice action accrues on the date of the alleged wrongful act."]; McKinnon v North Shore-Long Is. Jewish Health Sys. Labs., 187 AD3d 890 [2d Dept 2020]), and was time-barred two years and six months later, on November 16, 2016.
Lavern's Law, which took effect on January 31, 2018 (effective date), provides certain medical malpractice plaintiffs with a discovery toll and states that an action
based upon the alleged negligent failure to diagnose cancer or a malignant tumor . . . may be commenced within two years and six months of the later of either (i) when the person knows or reasonably should have known of such alleged negligent act or omission and knows or reasonably should have known that such alleged negligent act or omission has caused injury, provided, that such action shall be commenced no later than seven years from such alleged negligent act or omission, or (ii) the date of the last treatment where there is continuous treatment for such injury, illness or condition.
This amendment "appl[ies] to [*2]acts, omissions, or failures occurring within
2 years and 6 months prior to the effective date of this act, and not before" (L 2018, ch 1, § 6) (emphasis added) (retroactive provision). Thus, by its terms, the discovery toll in Lavern's Law's applies retroactively to causes of action that were not time-barred as of Lavern's Law's effective date, i.e., causes of action accruing on or after July 31, 2015. Plaintiff's causes of action, which accrued on May 16, 2014, predate the earliest date to which Lavern's Law's retroactive discovery toll applies.
Lavern's Law also provides for the revival of certain time-barred medical malpractice causes of action. Where a claim based on the negligent failure to diagnose cancer or a malignant tumor occurred and, "within ten months prior to the effective date of the act . . . became time-barred under any applicable limitations period then in effect, such action or claim may be commenced within six months of the effective date of the act . . . ." (L 2018, ch 1, § 4) (emphasis added) (revival provision). Therefore, a failure to diagnose cancer or malignant tumor cause of action that became time-barred between March 31, 2017 and January 31, 2018 may be revived if it is commenced no later than July 31, 2018 (see Mula v Sasson, 181 AD3d 686, 687 [2d Dept 2020]; McKinnon, 187 AD3d at 891. Because plaintiff's claims became time-barred on November 16, 2016, the limited revival provision of the new law (for certain claims that became time-barred after March 31, 2017) does not avail her (see McKinnon, 187 AD3d at 891, citing L 2018, ch 1, § 4). 
Plaintiff's lack of informed consent claim also fails to state a cause of action because the complaint does not contain an allegation about a diagnostic procedure that
invaded the integrity of plaintiff's body (see Lewis Rutkovsky, 153 AD3d 450, 456 [1st Dept 2017] [internal quotation marks omitted]; see Public Health Law § 2805-d[2][b]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022